IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

REGINALD L. HOOKER,

                 Plaintiff

        VS.

DERRICK SCHOFFIELD, *et al.*,

                 Defendant

NO. 5:04-CV-289 (CAR)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Pending before the court is the motion of defendants DERRICK SCHOFFIELD, TONY HENDERSON, and LUCIA FLETCHER seeking the dismissal of the above-styled action filed by plaintiff REGINALD L. HOOKER. Tab #17. The plaintiff has filed a response to the defendant's motion. Tab #21. This recommendation is entered into after careful consideration of both the defendants' motion and the plaintiff's response.

In his complaint, plaintiff states that he was placed in disciplinary isolation one week after arriving at Georgia Diagnostic and Classification Prison in Jackson, Georgia. He alleges that his due process rights have been violated by the defendants' failure to provide him with notice or a formal hearing providing the reasons for his placement. Plaintiff states that he repeatedly inquired about the reasons for his placement in isolation but received no response. Plaintiff states that when he finally received notice, it was "back dated" to show that his placement in isolation was authorized on the date that he was placed in disciplinary isolation. He seeks money damages for "emotional distress and humiliation."

42 U.S.C. §1997e(e) provides as follows:

> *Limitation on recovery- No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

Congress enacted the Prison Litigation Reform Act (PLRA) of 1996, which includes 42 U.S.C. §1997e(e), in an effort to stem the flood of prisoner lawsuits in federal court. *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir. 2000). §1997e(e) bars recovery of damages for mental or emotional injury where there is no connected *physical* injury. *Lassan v. City of Orange Beach*, 2000 WL 1844683 (S.D. Ala. November 7, 2000). *See also Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *overruled on other grounds by Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000). The physical injury alleged must be more than *de minimis* but need not be significant. *Harris*, 190 F.3d at 1286. Therefore, the plaintiff must be able to establish that he suffered a physical injury that is more than *de minimis* and which is connected to his claims for emotional and mental injury. *Lassan*, 2000 WL 1844693 at *4.

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. Parratt v. Taylor, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. Id. While plaintiff HOOKER may have claims against the defendant under another provision of state or federal law, his claims as set forth in his complaint do not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. §1983. He has alleged no physical injury at all; his only claims are that the defendants humiliated him when he was forced to walk by inmates in the general population while handcuffed on his way to segregation. Therefore, the plaintiff's claims against the defendants are not cognizable under §1997e(e).

Accordingly, IT IS RECOMMENDED that this action be **DISMISSED** *without prejudice* due to the plaintiff's failure to allege physical harm as required by 42 U.S.C. §1997e(e). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 18th day of OCTOBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

3